IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KYLE AVERY,                               No. CIV S-08-2605-CMK-P

       Plaintiff,

  vs.                                              ORDER

JAMES WALKER, et al.,

       Defendants.

/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (Doc. 12). The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).

       In the first amended complaint, plaintiff names the following as defendants: Walker, Vance, and Elia.[1] Plaintiff, who practices the Pagan/Wiccan religion, states that his claims are "based on the past approx. 6 months upon Plaintiff's placement on C.S.P.– SAC Facility 'A' yard." Specifically, he states that upon being placed in the Facility "A" yard, he "noticed that Pagans/Wiccans had no worship area and a very unstable policy that generally jeopardized any religious packages approved for being ordered without worry whether the

---

[1] Plaintiff no longer names Jackson as a defendant and the Clerk of the Court will be directed to terminate this individual from the action.

1

approvals would be acceptable by a dep't such as R&R that had no set guideline in which was being followed." According to plaintiff, an outside space is essential for the practice of the Pagan/Wiccan faith, which is an earth-based religion requiring certain ceremonies be conducted outside under the open sky. He states that he decided to bring these issues to the attention of appropriate prison staff.

Plaintiff was provided with a "verbal interview" with defendant Vance and the business services manager, defendant Elia. He states that he told both Vance and Elia of the need for an outside space "in which Pagan/Wiccans (Plaintiff himself is a practitioner in) a worship area outside such as those types of areas referred to as Native American sweat lodge areas." He states that he provided defendants Vance and Elia with a proposal suggesting three outside areas which could be set aside for Pagan/Wiccan adherents. He further states that he expressed his concern to Vance and Elia that Pagans/Wiccans were not being provided the same opportunity to practice their religion as other groups, such as Native Americans. Plaintiff said this lack of opportunity could be considered a violation of the law.

According to plaintiff, defendant Vance responded to the proposal by suggesting that a "a very very unequally small portion of the Native American sweat lodge land be confiscated from that group and given to the Wiccans." Plaintiff states that he objected to this suggestion because he thought that taking space from the Native Americans and giving it to the Pagans/Wiccans would constitute a desecration of the "sacredly protected space" already set aside for another group. Plaintiff believes that defendant Vance's suggestion constitutes a "created burden to the [Pagan/Wiccan] religious practices" because it is not feasible or realistic given the animosity it would engender among the Native Americans. Plaintiff states that he then agreed to defendants' suggestion that he represent the Pagans/Wiccans on a committee to attempt to resolve the issue.

Plaintiff states that defendants Vance and Elia presented their original suggestion to more senior prison officials at a "Warden's Meeting" and that, because this was the only

suggestion presented, it was the plan adopted. According to plaintiff, "[t]he warden [defendant Walker] never got to hear Plaintiff's proposal or warnings and would have likely disagreed to the defendant S.J. Vance's plan if he had an idea of the burden to the groups beliefs such an idea would have caused." Plaintiff claims that defendant Walker's decision to adopt the plan of taking space away from the Native American area to give to the Pagans/Wiccans "adversely burdened the religious beliefs of both faiths."

Plaintiff states that the Native Americans were forced to dig up part of their area so that a fence could be built to separate off the newly designated Pagan/Wiccan area. Plaintiff states that "[t]he land sat unattended & dug up for months until recently in which the land was returned to them [the Native Americans] and the issue of providing Wiccans land left ignored." Plaintiff states that his appeals on the issue have been "screened out," thereby leaving him no administrative avenue for redress.

Plaintiff's original complaint was dismissed with leave to amend because plaintiff had not alleged a substantial burden. The court outlined the applicable law and stated:

> In this case, plaintiff has not alleged sufficient facts to show a substantial burden. To the contrary, it appears from plaintiff's complaint that defendants attempted to provide him with an outdoor space for Wiccan ceremonies, but that plaintiff would not accept it. At this point, plaintiff's assertion that sharing space with Native American inmates is purely speculative.

In the amended complaint, plaintiff now states that, despite the decision to devote a portion of the Native American sweat lodge space to the Pagan/Wiccan adherents, the land was never in fact used for that purpose and that the issue of providing Pagans/Wiccans an outside space has been "left ignored." The complaint thus appears to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. The court, therefore, finds that service is appropriate and will direct service by the U.S. Marshal without pre-payment of costs. Plaintiff is informed, however, that this action cannot proceed further until plaintiff complies with this order.

Plaintiff is warned that failure to comply with this order may result in dismissal of the action. See Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to terminate Jackson as a defendant to this action;

2. The court authorizes service on the following defendant(s):

    WALKER,

    VANCE, and

    ELIA;

3. The Clerk of the Court shall send plaintiff one USM-285 form for each defendant identified above, one summons, an instruction sheet, and a copy of the first amended complaint; and

4. Within 30 days of the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. Three completed USM-285 form(s); and

    d. Four copies of the endorsed first amended complaint.

DATED: April 14, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KYLE AVERY,                                             No. CIV S-08-2605-CMK-P

       Plaintiff,

   vs.

JAMES WALKER, et al.,

       Defendants.

_____/

<u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

      Plaintiff hereby submits the following documents in compliance with the court's order:

      __1__      completed summons form;

      ____      completed USM-285 form(s); and

      ____      copies of the first amended complaint.

DATED: _____                         _____
                                                                          Plaintiff