1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   KYLE AVERY,                              No. CIV S-08-2605-CMK-P

12              Plaintiff,

13        vs.                                 ORDER

14   JAMES WALKER, et al.,

15              Defendants.

16   _____/

17          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.  Defendants have filed a motion to dismiss (Doc. 30) along with a request to

19   stay discovery pending a ruling on that motion (Doc. 31).  Plaintiff has filed a document entitled

20   "Omnibus Motion to the Court by Plaintiff" (Doc. 29).

21          Good cause appearing therefor, the court finds it appropriate to grant defendants'

22   request to stay discovery pending a ruling on their motion to dismiss.  The scheduling order

23   issued on July 21, 2009, after defendants filed an answer to the complaint will be vacated.  A

24   new scheduling order will be issued, if appropriate, following resolution of defendants' motion to

25   dismiss.

26   / / /

1

1    As to plaintiff's "omnibus" motion, plaintiff first challenges the court's August 7,

2   2009, order striking an improperly filed discovery request.  Plaintiff says this order was

3   unnecessary because he was only providing the court with courtesy copies of his discovery

4   request served on defendant.  Plaintiff states that the court should "eliminate the confusion that

5   [the] order could cause by establishing with all parties that the denial was based on

6   misunderstanding the nature of being served the courtesy copies to avoid giving the defense the

7   idea that providing the said productions request was denied by the court meaning they don't need

8   to comply with the production of documents request at all."  The court observes that defendants

9   have asked the court for an extension of time to respond to plaintiff's discovery (see Doc. 31).

10  Therefore, defendants were not placed under any misconception by the August 7, 2009, order.

11  To the extent plaintiff seeks reconsideration of that order, the request will be denied.

12    Plaintiff also challenges the court's order regarding his request to enter

13  defendants' default.  On July 21, 2009 – after defendants had filed their answer – plaintiff sought

14  entry of default by the Clerk of the Court.  The Clerk of the Court correctly declined to enter

15  default because an answer had been filed and, on August 7, 2009, the court denied plaintiff's

16  request to vacate this determination.  Plaintiff's current motion is his second request for the court

17  to vacate the determination by the Clerk of the Court that default should not be entered.  Plaintiff

18  argues that defendants' answer was not timely because it was not filed within the 20-day period

19  permitted under Federal Rule of Civil Procedure 12(b).  Plaintiff's reading of the rules is in error.

20  In this case, defendants waived service on June 17, 2009.  Under Federal Rule of Civil Procedure

21  12(a)(1)(A)(ii), when a party waives service, the responsive pleading is due within 60 days of the

22  date of waiver.  Defendants' July 16, 2009, answer was timely filed within the 60-day time

23  period.

24  / / /

25  / / /

26  / / /

1       Accordingly, IT IS HEREBY ORDERED that:

2       1.    Defendants request (Doc. 31) is granted;

3       2.    The court's July 21, 2009, scheduling order is vacated; and

4       3.    Plaintiff's "Omnibus Motion to the Court by Plaintiff" (Doc. 29) is denied.

5

6  DATED:  October 1, 2009

7                                      _____

                                    **CRAIG M. KELLISON**

8                                    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26