1

2

3

4

5

6

7

8           **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   KYLE AVERY,                              No. CIV S-08-2605-JAM-CMK-P

12              Plaintiff,

13        vs.                                 FINDINGS AND RECOMMENDATIONS

14   JAMES WALKER, et al.,

15              Defendants.

16   _____/

17              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to dismiss (Doc. 30) for

19   failure to exhaust administrative remedies prior to filing suit.  In his opposition, plaintiff has

20   requested that the court "grant immediate discovery against defendants motion to dismiss" (see

21   Doc. 32).

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

                                          1

## I.  STANDARD FOR MOTION TO DISMISS

A motion to dismiss based on a prisoner's failure to exhaust administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b).  See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact."  Id. at 1119-20.  Where the court looks beyond the pleadings to a factual record in deciding the motion to dismiss, which is ". . . a procedure closely analogous to summary judgment," the court must assure that the plaintiff has fair notice of his opportunity to develop a record.  Id. at 1120 n.14 (referencing the notice requirements outlined in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).  Defendants bear the burden of establishing that the plaintiff failed to exhaust administrative remedies prior to filing suit.  See Wyatt, 315 F.3d at 1120.  If the court concludes that administrative remedies have not been exhausted, the unexhausted claim should be dismissed without prejudice.  See id. at 1120; see also Jones v. Bock, 127 S.Ct. 910 (2007).

## II.  DISCUSSION

Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit.  See 42 U.S.C. § 1997e(a).  This requirement is mandatory regardless of the relief sought.  See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)).  Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  The Supreme Court recently addressed the exhaustion requirement in Jones v. Bock, 549 U.S. 199 (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint because lack of exhaustion is an affirmative defense which must be pleaded and proved by the defendants; (2) an individual named as a defendant does not necessarily need to be

named in the grievance process for exhaustion to be considered adequate because the applicable procedural rules that a prisoner must follow are defined by the particular grievance process, not by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not all, claims are unexhausted.

The Supreme Court also held in Woodford v. Ngo that, in order to exhaust administrative remedies, the prisoner must comply with all of the prison system's procedural rules so that the agency addresses the issues on the merits.   548 U.S. 81, 89-96 (2006).  Thus, exhaustion requires compliance with "deadlines and other critical procedural rules."  Id. at 90. Partial compliance is not enough.  See id.  Substantively, the prisoner must submit a grievance which affords prison officials a full and fair opportunity to address the prisoner's claims.  See id. at 90, 93.  The Supreme Court noted that one of the results of proper exhaustion is to reduce the quantity of prisoner suits "because some prisoners are successful in the administrative process, and others are persuaded by the proceedings not to file an action in federal court."  Id. at 94.

A prison inmate in California satisfies the administrative exhaustion requirement by following the procedures set forth in §§ 3084.1-3084.7 of Title 15 of the California Code of Regulations.  In California, inmates "may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  These regulations require the prisoner to proceed through several levels of appeal:  (1) informal resolution; (2) formal appeal; (3) second level appeal to institution head; (4) third level appeal to the director of the California Department of Corrections and Rehabilitation.  A decision at the third formal level, which is also referred to as the director's level, is not appealable and concludes a prisoner's departmental administrative remedy.  See Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2).  Departmental appeals coordinators may summarily reject a prisoner's untimely administrative appeal.  See Cal. Code Regs. tit. 15, §§ 3084.3(c)(6) and 3084.6(c).   If a group of inmates intend to appeal the same decision or action, one grievance form is used and a list of the participating inmates must be attached.  The list must

1   be legible and state the inmates' names, departmental identification numbers, and housing

2   assignment.  The form must also be signed by all participating inmates.  Currently, California

3   regulations do not contain any provision specifying who must be named in the grievance.

4              In this case, plaintiff refers to a 2003 group inmate grievance, but defendants

5   argue that plaintiff was not part of that group and did not submit any of his own grievances

6   (either singly or as part of group) concerning the claims outlined in the complaint.  Defendants'

7   motion is supported by the declaration of R. Carter, the Appeals Coordinator at California State

8   Prison – Sacramento ("SAC"), which is where the events alleged in the complaint occurred.  R.

9   Carter states that plaintiff did not file any inmate appeals while housed at SAC which were

10  accepted for review and which concerned the subject matter of the complaint.  Defendants'

11  motion is also supported by the declaration of N. Grannis, the Director of Appeals in the Inmate

12  Appeals Branch of the California Department of Corrections and Rehabilitation.  N. Grannis

13  states that no appeals concerning the subject of the complaint were submitted for review at the

14  final level.

15             In his opposition to defendants' motion, plaintiff argues: (1) the motion to dismiss

16  is procedurally improper given that defendants filed an answer to the complaint before filing their

17  motion to dismiss; and (2) he should be permitted an opportunity to conduct discovery to "gather

18  the proof which he knows is available" concerning the merits of the claims alleged in the

19  complaint.  Turning to plaintiff's first argument, Federal Rule of Civil Procedure 12(b) specifies

20  that certain enumerated defenses must be raised before a responsive pleading has been filed.  The

21  instant motion is an unenumerated motion and, as such, was not required to be filed before an

22  answer.

23             As to plaintiff's second argument, he does not identify any discovery which he

24  seeks related to the issue of exhaustion.  Rather, he says that he should be permitted to conduct

25  discovery on the merits of the underlying claims alleged in the complaint.  Thus, this argument

26  does not in any way defeat defendants' motion, and plaintiff does not otherwise challenge the

4

1    arguments and declarations submitted by defendants.

2

3                              **III.  CONCLUSION**

4            Based on the foregoing, the undersigned recommends that defendants' motion to

5    dismiss (Doc. 30) be granted and this action be dismissed without prejudice for failure to exhaust

6    administrative remedies.

7            These findings and recommendations are submitted to the United States District

8    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

9    after being served with these findings and recommendations, any party may file written

10   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

11   Findings and Recommendations."  Failure to file objections within the specified time may waive

12   the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13

14    DATED: October 28, 2009

15

16                                       CRAIG M. KELLISON
                                         UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

                                             5